UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Dwight B. Grizzell, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | )    No.: 3:12-CV-401-PLR-CCS |
| Mountain National Bank, *et al*, | ) ) ) |
|     *Defendants*. | ) ) |

## ORDER

On March 28, 2014 and April 8, 2014, the defendants filed two motions for summary judgment. [R. 51, 54]. Local Rule 7.1(a) allows parties 21 days to respond to dispositive motions. The plaintiff did not timely respond. On July 22, 2014, the Court ordered the plaintiff to show cause on or before August 21, 2014 why the defendants' motions should not be granted and this case dismissed. [R. 55]. The plaintiff did not respond to the show cause order.

The plaintiff filed this lawsuit alleging Mountain National Bankshares ("MNB") and members of its board of directors made false representations to him on which he relied when he signed a waiver releasing MNB from its obligations under a supplemental executive retirement top hat plan (the "SERP"). MNB was later closed by the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as Receiver. The plaintiff then submitted an administrative claim against MNB's receivership. The FDIC allowed the administrative claim for the total amount of benefits the plaintiff would be entitled under the SERP—$811,858.00. The FDIC issued a receivership certificate for that amount in favor of the plaintiff.

The defendants now move for summary judgment, contending the receivership certificate constitutes full satisfaction from the FDIC for the plaintiff's alleged injury. Under Tennessee law, while an injured party may obtain judgments against multiple defendants, he can have but one satisfaction for the same injury, and satisfaction of one judgment precludes further recovery against other defendants. *Schoenly v. Nashville Speedway, Inc.*, 344 S.W.2d 349, 351-52 (Tenn. 1961).

The plaintiff never responded or opposed the defendants' motions. The local rules of this Court provide that the failure to respond to a Motion is deemed to be a waiver of any opposition to the relief sought. E.D. Tenn. LR 7.2. This waiver occurs both where a party expressly concedes a point and where a party fails to respond to arguments made by its opponent. *Taylor v. Unumprovident Corp.*, 2005 WL 3448052, at *2 (E.D. Tenn. Dec. 14, 2005) (citing *Guster v. Hamilton Cnty Dep't of Ed.*, 2004 WL 1854181, at *7 (E.D. Tenn. March 2, 2004) (holding an argument not addressed in the responding party's brief is deemed waived)). The plaintiff has waived any opposition to the defendants' motions for summary judgment by failing to respond to them or the Court's show cause order.

Accordingly, the Court finds the plaintiff has received full satisfaction for his alleged injuries. Because a party may have but one satisfaction for any injury, and there is no genuine dispute as to any material fact, the defendants are entitled to summary judgment in their favor. Accordingly, the defendants motions for summary judgment, [R. 51, 54], are **Granted**; and this case is **Dismissed with prejudice**.

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**